| | |
|---|---|
| **From:** | Jeanette Stull |
| **To:** | carson@ned.uscourts.gov |
| **Cc:** | Corey Stull; spmoore_bairdholm.com; Casey Ochs; Danielle Rowley; Caitlin Wain |
| **Subject:** | RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company |
| **Date:** | Thursday, October 30, 2025 10:03:45 AM |

**CAUTION - EXTERNAL:**

Judge Carson—Following our September 5 conference with you, plaintiff's counsel served narrowed discovery requests on September 15, 2025. As you may recall, plaintiff's goal in these discovery requests was to uncover other UP employees with mental health disabilities—particularly those who had taken short-term disability (STD) leave because of such disabilities—to show that UP has regularly discriminated and retaliated against employees with mental health disabilities and/or those who have taken STD. To that end and per your instructions in the conference, we narrowed our requests to certain managers (GMs, STOs, MTOs, and MYOs) within the Transportation Department of UP's Northern Region, which is the department and region in which Plaintiff worked when he was terminated. We limited the timeframe of our request to January 2020 through April 2024.

We received responses from defendant on October 15, 2025, which Ms. Rowley attached to her submission earlier today. These responses reiterated essentially the same objections raise by defendant to the original requests. Ms. Rowley and I had a telephone meet-and-confer conference on October 22, 2025. We made no progress in my estimation. Ms. Rowley informed me that UP would only provide responses related to employees/managers who UP alleges were fired for a reason they deemed sufficiently similar to the reason why Plaintiff was fired. Ms. Rowley asserted that the reason UP fired Plaintiff was because he contacted members of his team while on STD, and that nobody else has been fired for the same reason. Of note, the reason for Plaintiff's termination is not so clear—at least in our estimation—from the evidence that currently exists. But regardless, that is not the type of evidence we are asking for. With the exception of the three individuals who have already been addressed through the *in camera* review process, we are not asking for evidence of similarly-situated employees who were purportedly fired for a same or similar reason as Plaintiff. Rather, we are asking for evidence of what we believe to be UP's widespread practice of disciplining or terminating similarly-situated managers who have the same type of disability as our client or who were accommodated through STD, just as our client was.

We would suggest another discovery conference be scheduled to discuss this matter further with you, but are, of course, willing to proceed however you suggest. Thank you.

Jeanette Stull

---

**From:** Danielle Rowley <drowley@bairdholm.com>
**Sent:** Thursday, October 30, 2025 8:59 AM
**To:** carson@ned.uscourts.gov
**Cc:** Corey Stull <cstull@atwoodlawyers.com>; Scott P. Moore <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; Jeanette Stull <jstull@atwoodlawyers.com>
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Judge Carson:

Attached please find the discovery at issue. Ms. Stull and I met and conferred on October 22nd. The only agreement we reached is that the records Plaintiff is seeking are not traditional comparator records. In other words, Plaintiff is not seeking disciplinary records of similarly situated individuals who engaged in the same conduct as him. Instead, Plaintiff is seeking the disciplinary and investigative records of (1) every manager who was disciplined while on short-term disability and (2) every manager who reported discriminatory or retaliatory conduct based on a mental health disorder. Union Pacific maintains that these requests are still too broad as comparators must engage in the same conduct, as defined by the Eighth Circuit.

Please let me know if you need any additional information. Thanks!

**Danielle L. Rowley**
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
www.bairdholm.com

402.636.8355 Direct Dial Phone
402.344.0588 Fax
drowley@bairdholm.com

Baird Holm LLP

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Sent:** Tuesday, October 28, 2025 2:15 PM
**To:** Jeanette Stull <jstull@atwoodlawyers.com>
**Cc:** Corey Stull <cstull@atwoodlawyers.com>; Scott P. Moore <spmoore@bairdholm.com>; Danielle Rowley <drowley@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel, thank you for asking. Judge Carson will require the updated requests and responses, and a summary of detailing the parties' conferrals and any progress made. The judge will then determine the best path to resolving the dispute. The updated submission can be made jointly or separately to carson@ned.uscourts.gov and should be sent no later than 2:00 p.m. on Thursday October 30.

Caitlin E. Wain
Law Clerk to United States Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
caitlin_wain@ned.uscourts.gov
Telephone: (402) 661-7342

**From:** Jeanette Stull <jstull@atwoodlawyers.com>
**Sent:** Tuesday, October 28, 2025 1:51 PM
**To:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Cc:** Corey Stull <cstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Danielle Rowley <drowley@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

**CAUTION - EXTERNAL:**

Caitlin—As you may recall, we had a discovery dispute conference with Judge Carson on September 5. Since then, plaintiff served narrowed discovery requests and defendant responded with continued objections to each of those requests. Danielle Rowley and I had a meet-and-confer telephone call last week on these. We continue to be at an impasse and need another discovery conference with Judge Carson. Would you like us to review the judge's online calendar and find a date and time that works for counsel or are there other next steps? Thanks and be in touch.

Jeanette Stull

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>

**Sent:** Friday, August 29, 2025 8:44 AM
**To:** Danielle Rowley <drowley@bairdholm.com>; Jeanette Stull <jstull@atwoodlawyers.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel,

The call will be continued to September 5, 2025 at 2:30 p.m. Have a great holiday weekend.

Caitlin

**From:** Danielle Rowley <drowley@bairdholm.com>
**Sent:** Thursday, August 28, 2025 3:23 PM
**To:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>; Jeanette Stull <jstull@atwoodlawyers.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

**CAUTION - EXTERNAL:**

Hi Caitlin:

I talked to Sean Lynch. It sounds like these hearings may take a while so we'd like to reschedule to the afternoon of September 5th.

Thanks!

**Danielle L. Rowley**
Baird Holm LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
www.bairdholm.com

402.636.8355 Direct Dial Phone
402.344.0588 Fax
drowley@bairdholm.com

Baird Holm LLP

This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Sent:** Thursday, August 28, 2025 1:00 PM
**To:** Jeanette Stull <jstull@atwoodlawyers.com>; Danielle Rowley <drowley@bairdholm.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; Scott P. Moore <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov

**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel,

Judge Carson now has at least 10 initial appearances in criminal cases lined up to begin at 1:30 p.m. tomorrow so it is likely that he will not be able to start a discovery conference on time at 2:30 p.m. We can reschedule to later in the afternoon, or continue the call to another day next week. Wednesday September 3 he has a settlement conference, but September 2, 4, and 5 have availability. Judge Carson's calendar can be found here: https://www.ned.uscourts.gov/court-calendar. Please confer and let me know your preference and available time(s). Thank you!

Caitlin E. Wain
Law Clerk to United States Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
caitlin_wain@ned.uscourts.gov
Telephone: (402) 661-7342

---

**From:** Caitlin Wain
**Sent:** Monday, August 18, 2025 10:43 AM
**To:** Jeanette Stull <jstull@atwoodlawyers.com>; Danielle Rowley <drowley@bairdholm.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel,

I spoke to the Judge and he thinks having the discovery dispute conference and the status call at once makes the most sense. A text order will be entered shortly continuing the current status call to next Friday afternoon August 29 at 2:30 p.m. Please note that next week is Judge Carson's rotation week for criminal matters which are typically conducted in the 1:30 – 2:30 p.m. hour. We don't know at this point how many hearings, if any, will get set. I will contact you if Judge Carson's hearings are running long. Thank you,

Caitlin E. Wain
Law Clerk to United States Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
caitlin_wain@ned.uscourts.gov
Telephone: (402) 661-7342

---

**From:** Jeanette Stull <jstull@atwoodlawyers.com>
**Sent:** Monday, August 18, 2025 10:29 AM
**To:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>; Danielle Rowley <drowley@bairdholm.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** RE: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

**CAUTION - EXTERNAL:**

Caitlin—Danielle and I met to confer on this issue and we have not reached a resolution and need to schedule a conference with Judge Carson.

First of all, we are scheduled for a status conference in this case this Friday, August 22, at 11:00. While Corey and/or I can forge ahead with a short status conference, that date is less than ideal, as Emily is out of town and Corey and I will be at our daughter's white coat ceremony for medical school. Is there any chance we can postpone the status conference and combine it with this discovery discussion? The best time for counsel is the afternoon of Friday, August 29. We have a deposition in this case at 11:00, which I presume will be done by 2:00 and everyone is free after that. If that doesn't work, I believe Danielle said she could also be available Monday, August 25 after your 2:30 change of plea hearing.

Thanks!

Jeanette Stull

---

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Sent:** Wednesday, August 13, 2025 6:02 PM
**To:** Danielle Rowley <drowley@bairdholm.com>
**Cc:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; Corey Stull <cstull@atwoodlawyers.com>; Jeanette Stull <jstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; Casey Ochs <cochs@bairdholm.com>; carson@ned.uscourts.gov
**Subject:** Re: [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Received by Carson Chambers, thank you!

Caitlin

> On Aug 13, 2025, at 4:52 PM, Danielle Rowley <drowley@bairdholm.com> wrote:
>
> **CAUTION - EXTERNAL:**
>
> Hi Kayla/Caitlin:
>
> Attached please find Defendant's position statement.
>
> Thanks!
>
> **Danielle L. Rowley**
> Baird Holm LLP
> 1700 Farnam Street
> Suite 1500
> Omaha, NE 68102-2068
> www.bairdholm.com
>
> 402.636.8355 Direct Dial Phone
> 402.344.0588 Fax
> drowley@bairdholm.com
>
> Baird Holm LLP
>
> This communication, along with any attachments, is covered by federal and state law governing electronic communications and may contain confidential and legally privileged information. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this in error, please reply immediately to the sender and delete this message. Thank you.

**From:** Kayla Hathcote <Kayla_Hathcote@ned.uscourts.gov>
**Sent:** Tuesday, August 5, 2025 4:20 PM
**To:** Emily Newcomb <ehaggstrom@atwoodlaw.com>; Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>; Corey Stull <cstull@atwoodlawyers.com>; Jeanette Stull <jstull@atwoodlawyers.com>; Scott P. Moore <spmoore@bairdholm.com>; Kiley Schmidt <kschmidt@bairdholm.com>; Danielle Rowley <drowley@bairdholm.com>
**Cc:** carson@ned.uscourts.gov
**Subject:** RE: 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel,

Judge Carson will grant a 7-day continuance. Please submit your position statements by close of business on Wednesday, August 13.

**Kayla N. Hathcote**
Law Clerk to U.S. Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
Kayla_Hathcote@ned.uscourts.gov
Telephone: (402) 661-7339


**From:** Emily Newcomb <ehaggstrom@atwoodlaw.com>
**Sent:** Tuesday, August 5, 2025 4:04 PM
**To:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>; Corey Stull <cstull@atwoodlawyers.com>; Jeanette Stull <jstull@atwoodlawyers.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; kschmidt@bairdholm.com; drowley@bairdholm.com
**Cc:** carson@ned.uscourts.gov
**Subject:** RE: 8:23cv356 Griffin v. Union Pacific Railroad Company

**CAUTION - EXTERNAL:**

Caitlin,

Thank you for your guidance. Is it possible to obtain a 7-day continuance on this, allowing our submission to be on Wednesday, August 13th?

Thanks,

Emily


**Emily N. Haggstrom**
Attorney

**T:** 402-476-4400
**F:** 402-476-4410
**E:** ehaggstrom@atwoodlaw.com
**W:** Haggstrom, Emily Newcomb | Atwood Law

575 Fallbrook Blvd, Ste. 206

Lincoln, NE 68521
AtwoodLaw.com

<image001.png>
Lincoln l Omaha l Des Moines

This message is confidential and may contain information that is privileged, attorney work product, or otherwise protected by applicable law. If you are not the intended recipient(s) of this email or responsible for delivering some or all of this transmission to an intended recipient(s), please notify our law firm immediately by telephone (402) 476-4400 or by electronic mail at office@atwoodlaw.com and delete the original and all copies of this transmission, including any attachments.

**From:** Caitlin Wain <Caitlin_Wain@ned.uscourts.gov>
**Sent:** Friday, August 1, 2025 11:28 AM
**To:** Corey Stull <cstull@atwoodlawyers.com>; Jeanette Stull <jstull@atwoodlawyers.com>; Emily Newcomb <ehaggstrom@atwoodlaw.com>; spmoore_bairdholm.com <spmoore@bairdholm.com>; kschmidt@bairdholm.com; drowley@bairdholm.com
**Cc:** carson@ned.uscourts.gov
**Subject:** [EXTERNAL] 8:23cv356 Griffin v. Union Pacific Railroad Company

Counsel,

Chambers received a call today from Ms. Haggstrom regarding a potential motion to compel. To ensure that the matter is addressed efficiently and fairly, the following procedures apply to discover disputes in cases assigned to Judge Carson:

Both parties are to submit to the court by email to carson@ned.uscourts.gov, and to each other, a concise statement (no more than three paragraphs) summarizing their respective position by August 6, 2025. Please include copies of any disputed requests.

The parties must thereafter meet and confer (either in person or at a minimum by phone) to discuss in good faith the particular issues as raised in the submissions. This discussion will be required regardless of prior efforts to confer.

If a discovery dispute call with the court remains necessary after doing so, please contact the court and a telephonic conference will be scheduled. Please jointly review Judge Carson's calendar at https://www.ned.uscourts.gov/court-calendar, and propose two or more mutually agreeable dates and times. Please also confirm that the parties conferred as instructed. The court will then select one of your proposed dates and set the hearing, which will be recorded.

NOTE: I have reviewed the docket in this case and there is already a status conference set for August 22, 2025. We may use or move that setting depending on the needs of the case after the parties have exchanged summaries and conferred.

Caitlin E. Wain
Law Clerk to United States Magistrate Judge Ryan C. Carson
U.S. District Court for the District of Nebraska
caitlin_wain@ned.uscourts.gov
Telephone: (402) 661-7342

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

<20250813 - Disc Statement(6819447.1)(6819919.1).pdf>

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDSLEY TROY GRIFFIN,<br><br>        Plaintiff,<br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>        Defendant. | Case No.8:23CV356<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Defendant Union Pacific Railroad Company ("Union Pacific") by and through its undersigned counsel, hereby serves the following answers and objections to Plaintiff Lindsley Troy Griffin ("Plaintiff") Second Interrogatories, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as follows:

**RESERVATION OF RIGHTS WITH REGARD TO ANSWERS**

(A)     The following answers represent the best information ascertained by Union Pacific and are based upon information obtained from records, files and individuals within its possession, custody, control or employ.  Union Pacific reserves the right at any time to revise, correct, add to, or clarify any of the answers provided herein.

(B)     The answers provided herein are subject to the right of Union Pacific to object on any ground, at any time, to a demand for further response to these or other interrogatories, requests for admissions, and requests for production of documents, or other discovery procedures involving or relating to the subject matter herein.

(C)     Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Union Pacific reserves the right to answer an interrogatory by specifying the business records from which the answer may be derived or ascertained where the answer to an interrogatory may be derived or

1

ascertained from Union Pacific's business records, and where the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is for Union Pacific. Union Pacific will afford Plaintiff a reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries of the same.

(D) By responding to these interrogatories, Union Pacific does not concede the relevancy or admissibility of the information provided.

## GENERAL OBJECTIONS

Union Pacific objects to Plaintiff's definitions and instructions as overly broad and unduly burdensome. Union Pacific further objects to Plaintiff's instructions to the extent that they purport to impose obligations that exceed those that are permissible under the Federal Rules of Civil Procedure and local rules, including NECivR. 33.1(b), which expressly prohibits the use of definitions in interrogatories without the court's leave.

## INTERROGATORIES

**INTERROGATORY NO. 14:** Identify every General Manager, Superintendent of Train Operations (STO), Manager of Train Operations (MTO) (both regular and senior), and Manager of Yard Operations (MYO) (both regular and senior) in the Transportation Department of UP's Northern Region who took short term disability any time between January 2020 and April 2024.

**ANSWER: Union Pacific objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. In the Eighth Circuit, "[t]o be similarly situated, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances."** *Barber v. C1 Truck Drivers Training, LLC,* **656 F.3d 782, 796 (8th Cir. 2011). Here, Plaintiff seeks the names of**

**individuals who took short term disability regardless of whether they had substantially similar responsibilities to Plaintiff or engaged in the same conduct as Plaintiff. Union Pacific also objects to this Interrogatory as it exceeds the scope of Judge Carson's order. (Filing 47). Judge Carson ordered Plaintiff to narrow the requests to identify with specificity the appropriate subset of employees, by management position, reporting hierarchy, type of conduct, and other relevant characteristics necessary to identify comparators, if any. This Interrogatory does not identify the appropriate subset of employees by reporting hierarchy, type of conduct, or any other relevant characteristic.**

**INTERROGATORY NO. 15:** Identify every employee from Interrogatory No. 14 who was disciplined, demoted, or terminated from January 2020 to April 2024.

**ANSWER:** See response to Interrogatory No. 15.

**INTERROGATORY NO. 16:** Identify every General Manager, Superintendent of Train Operations (STO), Manager of Train Operations (MTO) (both regular and senior), and Manager of Yard Operations (MYO) (both regular and senior) in the Transportation Department of UP's Northern Region who requested a reasonable accommodation between January 2020 and April 2024 relating to a mental health disorder. "Mental health disorder" is defined as a disability involving depression, bipolar disorder, or other mood disorders; anxiety disorders, including panic disorder, obsessive-compulsive disorder, or phobias; personality disorders; post-traumatic stress disorder; or psychotic disorders.

**ANSWER: Union Pacific objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. In the Eighth Circuit, "[t]o be similarly situated, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct**

3

without any mitigating or distinguishing circumstances." *Barber v. C1 Truck Drivers Training, LLC,* 656 F.3d 782, 796 (8th Cir. 2011). Moreover, comparators must be "involved in or accused of the same offense and are disciplined in different ways." *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 775–76 (8th Cir. 2003). Here, Plaintiff seeks the names of individuals who requested a reasonable accommodation relating to a mental health disorder, regardless of whether they had substantially similar responsibilities to Plaintiff or engaged in the same conduct as Plaintiff. Union Pacific also objects to this Interrogatory as it exceeds the scope of Judge Carson's order. (Filing 47). Judge Carson ordered Plaintiff to narrow the requests to identify with specificity the appropriate subset of employees, by management position, reporting hierarchy, type of conduct, and other relevant characteristics necessary to identify comparators, if any. This Interrogatory does not identify the appropriate subset of employees by reporting hierarchy, type of conduct, or any other relevant characteristic.

**INTERROGATORY NO. 17:** Identify every employee from Interrogatory No. 16 who was disciplined, demoted, or terminated from January 2020 to April 2024.

**ANSWER:** See response to Interrogatory No 16.

**INTERROGATORY NO. 18:** Identify every General Manager, Superintendent of Train Operations (STO), Manager of Train Operations (MTO) (both regular and senior), and Manager of Yard Operations (MYO) (both regular and senior) in the Transportation Department of UP's Northern Region who disclosed a mental health disorder (as defined in Interrogatory No. 16) to a supervisor or the human resources department from January 2020 to April 2024.

**ANSWER:** Union Pacific objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. In the Eighth Circuit, "[t]o be similarly situated, the individuals used for comparison must have dealt with the same

4

supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Barber v. C1 Truck Drivers Training, LLC,* 656 F.3d 782, 796 (8th Cir. 2011). Moreover, comparators must be "involved in or accused of the same offense and are disciplined in different ways." *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 775–76 (8th Cir. 2003). Here, Plaintiff seeks the names of individuals who disclosed a mental health disorder to a supervisor or the human resources department, regardless of whether they had substantially similar responsibilities to Plaintiff or engaged in the same conduct as Plaintiff. Union Pacific also objects to this Interrogatory as it exceeds the scope of Judge Carson's order. (Filing 47). Judge Carson ordered Plaintiff to narrow the requests to identify with specificity the appropriate subset of employees, by management position, reporting hierarchy, type of conduct, and other relevant characteristics necessary to identify comparators, if any. This Interrogatory does not identify the appropriate subset of employees by reporting hierarchy, type of conduct, or any other relevant characteristic.

**INTERROGATORY NO. 19:** Identify every employee from Interrogatory No. 18 who was disciplined, demoted, or terminated from January 2020 to April 2024.

**ANSWER:** See response to Interrogatory No. 19.

**INTERROGATORY NO. 20:** Identify every General Manager, Superintendent of Train Operations (STO), Manager of Train Operations (MTO) (both regular and senior), and Manager of Yard Operations (MYO) (both regular and senior) in the Transportation Department of UP's Northern Region who reported discriminatory or retaliatory conduct from January 2020 to April 2024 on the basis of a mental health disorder (as defined in Interrogatory No. 16). "Reported" is defined as filing a lawsuit, submitting a charge of discrimination or other such complaint to an administrative agency, and submitting a written (including electronic communications) internal

complaint (a) through UP's Values Line hotline or EEO hotline, (b) to a supervisor, (3) to the human resources department, or (4) any other means of reporting claims or concerns of employment discrimination not specifically list by name above.

**ANSWER: Union Pacific objects to Interrogatory No. 14 as overly broad, unduly burdensome, and not relevant or proportional to the needs of this case. In the Eighth Circuit, "[t]o be similarly situated, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." *Barber v. C1 Truck Drivers Training, LLC,* 656 F.3d 782, 796 (8th Cir. 2011). Moreover, comparators must be "involved in or accused of the same offense and are disciplined in different ways." *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 775–76 (8th Cir. 2003). Here, Plaintiff seeks the names of individuals who reported discriminatory or retaliatory conduct on the basis of a mental health disorder, regardless of whether they had substantially similar responsibilities to Plaintiff or engaged in the same conduct as Plaintiff. Union Pacific also objects to this Interrogatory as it exceeds the scope of Judge Carson's order. (Filing 47). Judge Carson ordered Plaintiff to narrow the requests to identify with specificity the appropriate subset of employees, by management position, reporting hierarchy, type of conduct, and other relevant characteristics necessary to identify comparators, if any. This Interrogatory does not identify the appropriate subset of employees by reporting hierarchy, type of conduct, or any other relevant characteristic.**

Dated this 15th day of October 2025.

UNION PACIFIC RAILROAD COMPANY, Defendant,

By:   /s/ *Danielle L. Rowley*
      Scott P. Moore (NE#20752)
      Danielle L. Rowley (NE# 25505)
of   BAIRD HOLM LLP
      1700 Farnam Street, Suite 1500
      Omaha, NE 68102-2068
      Phone: 402-344-0500
      spmoore@bairdholm.com
      drowley@bairdholm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October 2025, I served the foregoing document via electronic mail to the following:

Corey L. Stull- cstull@atwoodlawyers.com
Jeanette Stull- jstull@atwoodlawyers.com
Emily Newcomb - ehaggstrom@atwoodlawyers.com

          /s/ *Danielle L. Rowley*

6886490.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LINDSLEY TROY GRIFFIN,<br><br>　　　　Plaintiff,<br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　Defendant. | Case No.8:23CV356<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** |

　　　　Defendant Union Pacific Railroad Company ("Union Pacific") by and through its undersigned counsel, hereby serves the following responses and objections to Plaintiff Lindsley Troy Griffin's ("Plaintiff" or "Griffin") Third Request for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of civil Procedure as Follows:

## RESERVATION OF RIGHTS WITH REGARD TO ANSWERS

　　　　(A) The following answers represent the best information ascertained by Union Pacific and are based upon information obtained from records, files, and individuals within its possession, custody, control, or employ. Union Pacific reserves the right at any time to revise, correct, add to, or clarify any of the answers provided herein.

　　　　(B) The answers provided herein are subject to the right of Union Pacific to object on any ground, at any time, to a demand for further response to these or other requests for admissions, interrogatories, and requests for documents, or other discovery procedures involving or relating to the subject matter herein.

　　　　(C) By responding to these Requests, Union Pacific does not concede the relevancy or admissibility of the information provided.

**GENERAL OBJECTIONS**

Union Pacific objects to Plaintiff's definitions and instructions as overly broad and unduly burdensome. Union Pacific further objects to Plaintiff's definitions and instructions to the extent that they purport to impose obligations that exceed those that are permissible under the Federal Rules of Civil Procedure.

**REQUESTS**

**REQUEST NO. 35:** Investigative, disciplinary, and interactive process records for any employee identified in Interrogatory No. 15.

**RESPONSE:** See response to Interrogatory No. 15.

**REQUEST NO. 36:** Investigative, disciplinary, and interactive process records for any employee identified in Interrogatory No. 17.

**RESPONSE:** See response to Interrogatory No. 17.

**REQUEST NO. 37:** Investigative, disciplinary, and interactive process records for any employee identified in Interrogatory No. 19.

**RESPONSE:** See response to Interrogatory No. 19.

**REQUEST NO. 38:** All lawsuits (complaints or other initial pleadings), charges of discrimination or other such complaints to an administrative agency, and written (including electronic communications) internal complaints (a) through UP's Values Line hotline or EEO hotline, (b) to a supervisor, (3) to the human resources department, or (4) any other means of reporting claims or concerns of employment discrimination not specifically list by name above, for those employees identified in Interrogatory No. 20.

**RESPONSE:** See response to Interrogatory No. 20.

**REQUEST NO. 39:** All UP investigative records of the complaints, charges, or internal complaints of those employees identified in Interrogatory No. 20.

**RESPONSE:** See response to Interrogatory No. 20.

Dated this 15th day of October 2025.

          UNION PACIFIC RAILROAD COMPANY, Defendant,

    By:  /s/ *Danielle L. Rowley*
          Scott P. Moore (NE#20752)
          Danielle L. Rowley (NE# 25505)
    of  BAIRD HOLM LLP
          1700 Farnam Street, Suite 1500
          Omaha, NE  68102-2068
          Phone: 402-344-0500
          spmoore@bairdholm.com
          drowley@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October 2025, I served the foregoing document via electronic mail to the following:

   Corey L. Stull- cstull@atwoodlawyers.com
   Jeanette Stull- jstull@atwoodlawyers.com
   Emily Newcomb - ehaggstrom@atwoodlawyers.com

          */s/ Danielle L. Rowley*

6886491.1